Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
**MANUEL PAGUAY**

                **Plaintiff**

**v.**                                                        **COMPLAINT**
                                                           Index No.

                                                           **JURY TRIAL**
                                                           **DEMANDED**

**JUNG MIN KIM, Individually, and**
**STAR LITE DELI NY LLC**
                **Defendants.**
----------------------------------------------------------------------x

1. Plaintiff Manuel Paguay ("Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid overtime and related damages, while employed by Jung Min Kim ("Kim"), and Star Lite Deli NY LLC ("Star Lite Deli") (all Defendants are hereinafter listed collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff, a resident of New York State, was employed as a cook, stock person and delivery worker from March 2017 until July 1, 2022.[1] Plaintiff was employed by Defendants during the relevant limitations periods.

4. Defendant Star Lite Deli is a New York Corporation and is located at 212 West 44th St., New York, NY 10036.

5. Upon information and belief, Star Lite Deli has an annual gross volume of sales in excess of $500,000.00.

6. At all relevant times, Star Lite Deli has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

7. Upon information and belief, Defendant Kim is the owner and operator of Star Lite Deli.

8. Upon information and belief, Defendant Kim exercises control over Star Lite Deli's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

9. Defendant Kim was an employer of Plaintiff during the relevant time period.

**JURISDICTION AND VENUE**

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction

---

[1] The deli was closed from approximately mid-March 2020 through June 2021 due to the pandemic.

that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

**FACTUAL ALLEGATIONS**

12. Defendants committed the following alleged acts knowingly, willfully and intentionally.

13. Defendants knew that the nonpayment of overtime pay to Plaintiff would economically injure Plaintiff and violated state and federal laws.

14. Plaintiff regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

15. For the first 3 months of his employment in 2017, Plaintiff worked 5 days per week and was paid $110.00 per day.

16. Plaintiff worked from 6:00 am through 2:00 pm every day, less a 30 minute meal break; however, he was often forced to work through the meal break.

17. Following the first 3 months of his employment, Plaintiff generally worked 6 days per week, and was paid $670.00 per week in cash.

18. During this period, Plaintiff worked from 6:00 am through 2:00 pm every day, less a 30 minute meal break; however, he was often forced to work through the meal break.

19. Plaintiff was never paid time and a half for his hours over 40 per week.

20. Plaintiff was paid weekly by Mr. Kim.

21. Plaintiff was also not issued pay stubs.

22. Defendants failed to provide Plaintiff with a written notice of rate of pay and failed to keep proper payroll records as required under New York law.

23. Kim hired Plaintiff and set Plaintiff's weekly schedule and rate of pay.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Violations

24. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

25. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protect Plaintiff.

26. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

27. As a result of Defendants' unlawful acts, has been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Overtime Violations

28. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

29. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

30. Defendants have willfully failed to pay Plaintiff the overtime wages for hours worked in excess of forty (40) hours in a workweek.

31. Defendants' knowing or intentional failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

32. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation

### THIRD CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

35. Defendants failed to provide Plaintiff with a written notice of rate of pay with his correct hourly rate as required by NYLL § 195.

36. Defendants' failure to make, keep and preserve accurate records was willful.

37. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

### PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

c. Penalties available under applicable laws;

d. Costs of the action incurred herein, including expert fees;

e. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

Dated: New York, New York
       October 14, 2022

Respectfully submitted,

The Klein Law Group P.C.

By: /s/ Darren Rumack
    Darren P.B. Rumack
    39 Broadway, Suite 1530,
    New York, NY 10006
    Phone: 212-344-9022
    Fax: 212-344-0301
    *Attorneys for Plaintiff.*